UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00603-SEP |
| ) | |
| YOTTA TECHNOLOGIES INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court is Defendant Yotta Technologies Inc.'s Motion to Dismiss Plaintiff's Complaint. Doc. [7]. For the reasons set forth below, Defendant's motion is granted.

### FACTS AND BACKGROUND[1]

Pro se Plaintiff William Wilson alleges that Yotta's negligence caused him to lose his chance to enter and win Yotta's nightly sweepstakes, depriving him of a potential prize of up to $1,000,000. Doc. [1].

Yotta is a financial technology company that relies on a banking partner to provide "banking services." *Id*. at 2. Plaintiff signed up for a Yotta banking account and debit card. As part of its services, Yotta offers nightly sweepstakes opportunities to account holders. If they choose to participate, they pick five numbers between 1 and 99 and one "yotta-ball number" between 1 and 99. *Id*. The nightly sweepstakes drawing awards prizes ranging from $0.02 to a jackpot prize of $1 million. For example, according to a "table of odds" provided by Yotta on its website and included in the Complaint, an individual who selects two matching numbers but does not select a matching "Yotta Ball" number will receive $0.02 per ticket. *Id*. An individual who selects five matching numbers and a matching "Yotta Ball" number will receive the $1 million jackpot prize. *Id*. The table also includes the odds of each possible outcome. *Id*.

Plaintiff alleges that on April 15, 2023, he made two separate purchases at a Walmart. *Id*. After his second Walmart purchase, Plaintiff received a notification that Yotta had locked his account. *Id*. Plaintiff alleges that Yotta also canceled Plaintiff's outstanding cashback rewards in the amount of $10.41. *Id*. Without access to his Yotta funds, Plaintiff claims, he was unable

---

[1] For purposes of the motion to dismiss, the Court takes the factual allegations in the Complaint to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

1

to pay for household necessities for the approximately two days that his account was frozen; his power was temporarily shut off, causing him to lose a day's worth of wages; and he was unable to participate in the nightly sweepstakes drawings on April 15 and 16, 2023. *Id*. Plaintiff alleges damages consisting of loss of access to his account funds, loss of a day's wages, loss of his accumulated cashback rewards, and loss of the chance to win monetary prizes up to and including the jackpot prize of $1 million. Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that Plaintiff fails to plausibly allege an amount in controversy sufficient to invoke this Court's diversity jurisdiction, and that he fails to state a claim on which relief can be granted.

## LEGAL STANDARD

To justify dismissal under Rule 12(b)(1), "the complaint must be successfully challenged on its face or on the factual truthfulness" of its assertions. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, the defendant challenges the factual truthfulness of the assertions, and the Court may consider matters outside the pleadings. *Osborn*, 918 F.2d at 729. In a facial challenge, the defendant claims the complaint "fails to allege an element necessary for subject matter jurisdiction," and the Court presumes true "all of the factual allegations concerning jurisdiction." *Titus*, 4 F.3d at 593.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) contests the legal sufficiency of a complaint. When considering such a motion, the Court assumes all of a complaint's factual allegations to be true and construes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims; the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

## DISCUSSION

**I.       Motion to Dismiss**

Federal diversity jurisdiction requires that at least $75,000 be in controversy. *See* 28 U.S.C. 1332(a). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). A court may "employ[ ] its judicial experience or common sense" to ascertain whether the relevant jurisdictional fact is present. *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020).

As noted above, a federal complaint must do more than allege facts that might conceivably allow for a plaintiff to prevail; it must allege facts in a non-conclusory manner that plausibly establish grounds for relief. *See, e.g., Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 570. The allegations of a pro se plaintiff's complaint must be read liberally, but even a pro se complaint must ultimately meet this threshold "plausibility" requirement—that is, to allege facts that state a claim for relief that is plausible on its face. *See Schooley v. Kennedy,* 712 F.2d 372, 373 (8th Cir. 2007); *see also Hari v. Smith*, 2022 WL 1122940, at *18 (D. Minn. Jan. 31, 2022); *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (citation omitted) ("Despite the liberal construal of such complaints, the pro se plaintiff still must allege sufficient facts to support the claims advanced.").

Although the plausibility requirement is commonly applied when evaluating whether a complaint substantively states a claim for relief, it also governs the evaluation of factual allegations that support federal subject matter jurisdiction, such as those concerning the amount in controversy required for purposes of federal diversity jurisdiction. *See Hitachi Capital America Corp. v. McCollum*, 2020 WL 3977229, at *6 (D. Minn. July 14, 2020) ("Jurisdictional allegations, like any other allegations in the complaint, are subject to Rule 8(a)'s standard of a short and plain statement of the grounds for the court's jurisdiction [and the] plausibility standard for this rule applies equally to statements of the grounds for the court's jurisdiction under Rule 8(a)(1) as to statements of the claim showing that the pleader is entitled to relief under Rule 8(a)(2)."); *Penrod v. K&N Eng'g, Inc.*, 2019 WL 1958652, at *3 (D. Minn. May 2, 2019) (citations omitted) ("There is no requirement of 'heightened fact pleading of specifics,' but the complaint must contain 'enough facts' to nudge the existence of jurisdiction 'across the line from conceivable to plausible.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If a

court could not require at least facially plausible allegations of subject matter jurisdiction, it would have no option but to allow expensive and time-consuming discovery even when a plaintiff's claims of jurisdiction are absurd or conclusory, which plainly disserves the federal rules' aim "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiff's Complaint fails to plausibly allege an amount in controversy of more than $75,000. Plaintiff bases the bulk of his claim for damages on his alleged lost opportunity to participate in the Yotta sweepstakes, alleging that when Yotta temporarily froze his account he had no way to play the game, and thus lost his chance to win the available monetary prizes, including the $1,000,000 prize. In his Complaint, Plaintiff cites[2] to the official rules for the sweepstakes in order to show the available prizes and the odds of winning each one. *See* Doc. [1] at 2-3 (citing www.withyotta.com/ official-rules). But those same rules also state that there are multiple methods by which an individual may participate in the sweepstakes, and that one does not need a Yotta account in order to enter the sweepstakes and potentially win the prizes. *Id*. Therefore, the temporary freeze placed on Plaintiff's account did not prevent him from entering the contest in some other manner, and so the freeze did not cost Plaintiff the opportunity to win one of the available prizes. As a result, Plaintiff may not rely on that putative "loss" to plead the jurisdictional amount.[3] The other allegations of monetary damages in the Complaint include Plaintiff's claimed loss of $10.41 in cashback rewards and the alleged loss of one day's wages, but Plaintiff alleges no facts concerning his pay rate. In light of Plaintiff's failure to

---

[2] When deciding a motion to dismiss, a district court may consider any document necessarily "embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Documents are necessarily embraced by the pleadings when the pleadings allege the contents of those documents. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

[3] Of note, even if that putative loss were allowable, Plaintiff still would not have plausibly alleged the requisite amount in controversy. Plaintiff pleads his monetary loss as the value of the potential prizes, but that would only be the proper calculation of his damages if winning were assured. There is no assurance Plaintiff would have won the jackpot, particularly where the odds of such an occurrence were, as Plaintiff notes, one in approximately 7,080,791,256. All Plaintiff could plausibly plead is the loss of a *chance* to win a prize, and he pleads no facts that plausibly establish the value of a lost chance, rather than a lost prize of a sum certain. *See Curry v. Pleasurecraft Marine Engine Co.*, 950 F. Supp. 2d 1057, 1060 (W.D. Mo. 2013) (Plaintiff's request for damages is "too speculative and vague to rely on when determining amount in controversy."); *see also DeNardo v. GCI Commc'n Corp.*, 983 P.2d 1288, 1290–91 (Alaska 1999) (lost chance to win sweepstakes prize was too speculative to support damages claim when plaintiff's odds of winning $1,020,000 were "on the order of 9 out of 50,000").

plausibly plead the requisite jurisdictional amount, the Court determines that it lacks jurisdiction over this matter.[4]

## II.     Motion for Sanctions

Also before the Court is Defendant's motion to sanction Plaintiff pursuant to Federal Rule of Civil Procedure 11.  *See* Doc. [9].  The motion is not mooted by the Court's determination that it lacks jurisdiction over this matter, as district courts retain power to issue appropriate sanctions even when they do not have jurisdiction over a lawsuit.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (A district court retains jurisdiction to enforce Federal Rule of Civil Procedure 11 when a case has been dismissed, even if dismissed for want of jurisdiction.).

Defendant argues that Plaintiff's lawsuit is frivolous and filed for the improper purpose of attempting to extort a settlement from Defendant.  Doc. [9] at 2-3.  Defendant also accuses Plaintiff of making a habit of filing frivolous lawsuits, and cites to one case filed in 2017 in which Plaintiff sued the National Entertainment Network (NEN) for fraud because he was unable to redeem several prizes he purportedly won while playing a claw machine owned by NEN.  *Id*. at 3.  *See William Wilson v. National Entertainment Network*, 4:17-cv-2688-CDP, filed (E.D. Mo. November 7, 2017).  That lawsuit was dismissed after Plaintiff failed to respond to the defendant's motion to dismiss.

Pro se parties are subject to Rule 11, but courts traditionally afford parties representing themselves substantial leeway.  *See Bauer v. Lauth*, No. 4:16-CV-410 CAS, 2016 WL 6679846, at *5 (E.D. Mo. Nov. 14, 2016) (citing *Cory v. Fahlstrom,* 2005 WL 1526135, at *2–3 (10th Cir. June 29, 2005) (noting pro se status of the plaintiff while refusing to impose sanctions, despite "frivolous" nature of the suit); *Thomas v. Foster*, 2005 WL 1140292, at *1 (7th Cir. May 9, 2005) (a pro se litigant "is entitled to leniency before being assessed sanctions for frivolous litigation").  The Court does not find Plaintiff's conduct in merely filing this lawsuit so clearly frivolous, baseless, or vexatious as to warrant Rule 11 sanctions, particularly in light of his pro se status.  Also, the Court does not consider it sanctionable conduct to have filed two lawsuits of questionable merit within the last several years on a similar topic.  A great many pro se litigants

---

[4] The Court notes that Plaintiff, in his response in opposition to Defendant's motion, argues that this Court has federal question jurisdiction over his case because he brings a claim under the Missouri Merchandising Practices Act.  *See* Doc. [24] at 3.  A claim brought pursuant to a Missouri statute does not confer subject matter jurisdiction on this Court.

have filed more than two such cases in the Eastern District of Missouri without being sanctioned for doing so.  Moreover, there is no indication that the suit against NEN was dismissed because it was frivolous or brought in bad faith.  Rather, it appears to have been dismissed for failure to prosecute, because Plaintiff never responded to NEN's motion to dismiss.  Under such circumstances, the Court declines to sanction Plaintiff for bringing this lawsuit.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, Doc. [7], is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions, Doc. [9] is **DENIED**.

**IT IS FINALLY ORDERED** that the Rule 16 Conference scheduled in this matter is vacated.

A separate Order of Dismissal will be entered on this same date.

Dated this 7th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE